# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION FILE |
| KINGSTON ANSAH, | NO. 1:17-CR-381-1-MHC-JSA |
| **Defendant.** | |

## ORDER

This action comes before the Court on the Final Report and Recommendation ("R&R") of Magistrate Judge Justin S. Anand [Doc. 65] recommending that Defendant's Perfected Motion to Suppress Statements [Doc. 24] be granted in part and denied in part and that Defendant's Amended Perfected Motion to Suppress Evidence Seized From Electronic Devices [Doc. 41] be granted. The Order for Service of the R&R [Doc. 66] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. See also FED. R. CRIM. P. 59(a). Within the required time period, Defendant filed his objections to the R&R [Doc. 70], and thereafter filed his amended objections [Doc. 71], the latter of

which will be considered by the Court as Defendant's objections ("Def.'s Objs.").
The Government has filed no objections to the R&R.

I. **STANDARD OF REVIEW**

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). If there are no specific objections to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CRIM. P. 59. In accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which

Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. DEFENDANT'S OBJECTIONS

### A. Motion to Suppress Statements

Defendant generally objects to the failure of the Magistrate Judge to grant his motion to suppress in its entirety. Def.'s Objs. at 1. His individual objections are discussed *seriatim*.

#### 1. Credibility Determination

Defendant objects to the Magistrate Judge's credibility determination on the question of how long Defendant was held outside of his residence at the time United States Postal Inspectors searched the premises in accordance with a warrant. Id. at 1-2. Defendant evidently believes that the Magistrate Judge's determination that credited the testimony of Inspector Petronis over Bijoux Samson somehow was determinative as to the issues in dispute.

However, the Magistrate Judge specifically stated that he

> did not perceive the difference [in the testimony between Sampson and Petronis] to be dispositive in the resolution of any of the legal issues in dispute. If it were necessary to resolve this discrepancy, the Court finds that the recollection of Petronis, a trained and professional agent whose testimony was generally credible, is likely to be more reliable on a specific detail such as the duration of time, rather then the recollection of a bystander who was no doubt operating under a certain amount of shock at the inception of this encounter.

3

R&R at 2-3, n.1.

The credibility determination was not dispositive and, even if it was, this Court has reviewed the transcript of the evidentiary hearing and finds the reasons given by Judge Anand for crediting the inspector's testimony and, conversely, for finding Mr. Samson's testimony to be less than credible and inconsistent were reasonable. Tr. of Evidentiary Hr'g ("Tr.") [Doc. 49] at 12-15, 68. A district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings. United States v. Raddatz, 447 U.S. 667, 680-81 (1980); United States v. Thompson, 422 F.3d 1285, 1297 (11th Cir. 2008). "[I]n evaluating the factual version of events between the law enforcement officer[ ] and [the defendant], we should defer to the magistrate judge's determinations unless his understanding of the facts appears to be 'unbelievable.'" United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (citing United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985)). See also United States v. Emanuel, 440 F. App'x 881, 883 (11th Cir. 2011) (according "substantial deference" to the credibility determinations made by the magistrate judge where the defendant "failed to show that the magistrate [judge]'s understanding of the facts is not plausible or permissible . . . ."). This is not one of those "rare cases" in which the transcript of the evidentiary hearing presents a basis for rejecting the Magistrate

4

Judge's resolution of credibility. United States v. Marshall, 609 F.2d 152, 155 (5th Cir. 1980);[1] see also United States v. Cofield, 272 F.3d 1303, 1306 (11th Cir. 2001) ("This is not the 'rare case' discussed in Marshall, as the transcript here provides no basis to reject the magistrate judge's credibility findings.").

### 2. Factual Determination

Defendant objects to the Magistrate Judge's factual determination that the agents holstered their weapons after the house was cleared. Def.'s Objs. at 2. That determination was supported by the testimony of Inspector Petronis:

> Q. All right. Now, just go back a little bit. Once the house was cleared you said your weapon had been drawn?
>
> A. Yes.
>
> Q. What did you do after the house was cleared?
>
> A. I holstered my weapon.
>
> Q. And what were the other agents doing with their weapons once the house was cleared?
>
> A. They were holstered or secured in the vehicle.

---

[1] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

5

Tr. at 14. Once again, Defendant complains that the Magistrate Judge found Inspector Petronis's testimony more credible than Mr. Samson's testimony. Mr. Samson's testimony was far from definitive. Samson stated that, once inside the house, he "[saw] officers with guns," but that "they did not point their guns at us." Id. at 78-9. He saw officers "with guns in their hands," but that "they put it back in their holster." Id. This Court agrees with the finding of the Magistrate Judge as supported by the evidence in the record.

### 3. Whether Defendant Was in Custody

The Magistrate Judge found that Defendant was not in custody when he made statements to the inspectors, but that the statements Defendant made as to his telephone password were not voluntary and should be suppressed. R&R at 7-19. Defendant obviously does not dispute the Magistrate Judge's finding as to the involuntariness of the statements about his password, but contends that the Magistrate Judge erred by not recommending that all of Defendant's statements be suppressed because "the environment was sufficiently police-dominated" such that Defendant was not free to leave; therefore, Defendant asserts he was in custody and his statements violated Miranda v. Arizona, 384 U.S. 436 (1966). Pl.'s Objs. at 2-3.

"A person taken into custody must be advised of his right to remain silent and his right to counsel prior to any interrogation." United States v. Muegge, 225 F.3d 1267, 1269-70 (11th Cir. 2000). The test for determining whether a defendant is in custody for purposes of the Miranda warning is objective; the subjective belief of the defendant is irrelevant. United States v. Street, 472 F.3d 1298, 1309 (11th Cir. 2006). A defendant is in custody for Miranda purposes only when there is "a formal arrest or restraint on freedom of movement of the degree associated with formal arrest." Id. (citations omitted). In considering whether there has been a restraint on freedom of movement, "[n]o particular fact in the 'custody' analysis is outcome determinative – [the court] simply weigh[s] the totality of the circumstances." United States v. Brown, 441 F.3d 1330, 1349 (11th Cir. 2006).

Considering the totality of the circumstances, Judge Anand correctly concluded that Defendant was not in custody during the time he was with the postal inspectors. The postal inspectors were acting pursuant to a valid search warrant to search the premises. Defendant answered the door and was briefly placed in handcuffs and remained outside in order to protect the officers and facilitate a security sweep of the house. After three to five minutes, Defendant was uncuffed, brought inside the house, and allowed to dress. Defendant was advised that a search would be conducted and that, while the inspectors would like to speak

7

with him, he was free to leave, did not have to speak, and was not under arrest. Defendant chose to stay and was not restrained in any way. The interview with Defendant lasted about forty-five minutes and he was never taken into custody. See Tr. at 9-19. After reviewing the record *de novo*, this Court finds that the Magistrate Judge's conclusions are well-supported and agrees that, under the totality of the circumstances, a reasonable man in Defendant's position would not have believed that his freedom of movement was being restricted or that he was unable to leave because there had been "no restraint on the freedom of movement of the degree associated with a formal arrest." Street, 472 F.3d at 1309. Defendant was not in custody when he made statements to law enforcement officers and, therefore, no Miranda warnings were required. See also R&R at 7-10.

### 4. Voluntariness of Defendant's Statements

Aside from the statements as to his password to his mobile telephone, which Judge Anand recommends be suppressed as made involuntarily, Defendant "maintains his position that all the statements rendered to the agents should be suppressed as involuntary." Def.'s Objs. at 3-4. However, aside from his objection that his statements were made in violation of Miranda, which this Court has overruled, Defendant points to no other alleged error in the R&R.

8

Consequently, Defendant's general objection to the Magistrate Judge's finding as to the voluntariness of his other statements is also overruled.

### 5. Magistrate Judge's Alternative Argument

Given that the Judge Anand recommends granting Defendant's Motion to Suppress Electronic Evidence because the Government gained access to Defendant's mobile telephone by using a password that was unlawfully obtained, Judge Anand concluded that Defendant's alternative argument that a warrant was required for accessing the mobile phone was moot. R&R at 23 n.9. The Magistrate Judge then opined that, even if he had considered Defendant's alternative argument, he would have rejected it. Id. at 24-25 n.9. Defendant disputes that opinion. The Court finds that the Magistrate Judge's discussion is supported by law but it is unnecessary to reach this conclusion because Defendant's motion to suppress the electronic evidence found on the mobile phone will be granted.

Therefore, for the above reasons, Defendant's objections to the Magistrate Judge's recommendations are **OVERRULED**.

## III. <u>CONCLUSION</u>

Accordingly, after a *de novo* review of those portions of the R&R to which Defendant objects, the Court **OVERRULES** his objections [Doc. 71]. Finding no

clear error in the remaining portions of the R&R, the Court **ADOPTS** the R&R [Doc. 65] as the Opinion and Order of the Court.

It is hereby **ORDERED** that:

(1) Defendant's Perfected Motion to Suppress Statements [Doc. 24] is **GRANTED IN PART and DENIED IN PART**. The motion is **GRANTED** with respect to the Defendant's statements about his telephone password, which are **SUPPRESSED**. The motion is otherwise **DENIED**; and

(2) Defendant's Amended Perfected Motion to Suppress Evidence Seized From Electronic Devices [Doc. 41] is **GRANTED**.

**IT IS SO ORDERED** this 13th day of July, 2018.

*/s/ Mark H. Cohen*
MARK H. COHEN
United States District Judge